**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KULBIR SINGH, | No. 09-71468 |
| Petitioner, | Agency No. A095-592-460 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Kulbir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the implausibility of Singh's testimony that he experienced the events described in his asylum application, given that his application contained the identical sequence and details of events contained in another application prepared by Boota Singh Basi, and that Basi filed before Singh entered the United States. *See Singh v. Gonzales*, 439 F.3d 1100, 1110 (9th Cir. 2006) (skepticism as to the plausibility of testimony may be a proper basis for an adverse credibility determination if the IJ's logical inferences are supported by substantial evidence); *see also Fernandes v. Holder*, 619 F.3d 1069, 1075 (9th Cir. 2010) (adverse credibility determination based, in part, on Basi's testimony that every application he had ever filed was false supported by substantial evidence). Accordingly, in the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Because Singh's CAT claim is based on the same testimony found to be not credible, and Singh does not point to any other evidence that shows it is more

09-71468

likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**